HERSEY, Judge.
Marine Midland Bank appeals an adverse final judgment in favor of defendant/ap-pellee, Morton Smith. This case arises from a loan by the bank to Bernard Tedlis, taking back a promissory note for $49,712.50 plus interest. Smith executed an agreement guaranteeing the repayment of this or any other obligation of Tedlis to the bank. Tedlis defaulted on the note and the bank filed suit in New York resulting in a judgment for the bank on the principle amount due plus interest and a separate judgment for attorneys’ fees. The bank and Tedlis subsequently entered into a written settlement agreement whereby Tedlis would pay the bank $20,080 in installments, in full satisfaction of the judgments.
The bank then filed the present action against Smith to recover on his guaranty although there has been no default by Ted-lis on his obligations under the settlement agreement. The trial court held that Smith is not indebted to the bank.
Except for the instant litigation in Florida these events transpired in New York and the parties agree that New York law controls. As we view the issues the result would be the same under either Florida or New York law.
The issue is not whether the parol evidence rule applies or was improperly applied as argued by appellant. Nor is the issue release, either in fact or by operation of law, as contended by appellee. The issue is whether Tedlis has an outstanding obligation to the bank which is encompassed by the terms of the guarantee agreement and, if so, whether the duty of the guarantor to pay has ripened.
It is clear that Smith was liable to the bank in the event of default on the original promissory note. However, that obligation (the note) was merged into the final judgment entered in the New York proceedings. The second judgment, for attorneys’ fees, constituted a new and different, although related, obligation of Tedlis to the bank and thus falls within the ambit of the guarantee. After the initial default the bank could have successfully pursued its remedies against Smith. Instead of doing so, the bank entered into the new agreement with Tedlis substituting an installment obligation in a lesser amount for the two judgments. This is the obligation which the guarantee covered when the present litigation was instituted. We note that there has been no default on that obligation, and thus the guarantor’s duty to pay has not ripened.
Accordingly, the trial court was eminently correct in entering final judgment adversely to the bank and we therefore affirm.
AFFIRMED.
LETTS, C.J., concurs.
ANSTEAD, J., dissents with opinion.